**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000508
29-SEP-2022
07:49 AM
Dkt. 96 SO**

NO. CAAP-18-0000508


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


LEDCOR – U.S. PACIFIC CONSTRUCTION LLC, now known as
LEDCOR CONSTRUCTION HAWAII, LLC,
a Delaware limited liability company, Plaintiff-Appellee, v.
LISA RENE JOSLIN; Defendant-Appellant,
COMPLETE MECHANICAL INC, a Hawaiʻi Corporation,
Defendant-Appellee,
JOHN AND JANE DOE CORPORATIONS 1-50;
DOE PARTNERSHIPS 1-50; DOE GOVERNMENTAL UNITS 1-50;
and DOE ENTITIES 1-50; Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 10-1-0341(1))


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and McCullen, JJ.)

Defendant-Appellant Lisa Rene Joslin (**Joslin**) appeals

from the Second Amended Judgment entered on May 23, 2018 (**Second**

**Amended Judgment**), by the Circuit Court of the Second Circuit

(**Circuit Court**).[1]  Joslin also challenges various orders entered

by the Circuit Court on remand from this court's Memorandum

---

[1]     The Honorable Rhonda I.L. Loo presided.

Opinion entered on November 13, 2014, in CAAP-12-0000041, upon a prior appeal by Joslin (**Ledcor I**).[2]

On May 26, 2010, Ledcor filed a five-count complaint (the **Complaint**) against Joslin and Defendant-Appellee Complete Mechanical Inc. (**CMI**).[3]  Ledcor alleged non-disclosure of material facts and fraudulent inducement, intentional and negligent misrepresentation, and constructive fraud against Joslin and breach of contract claims against CMI.  Neither Joslin nor CMI filed an answer or otherwise defended against the Complaint.  On July 25, 2011, the Clerk of the Circuit Court entered a default judgment, which entered judgment in favor of Ledcor in the total amount of $218,699.26, and against Joslin and CMI, jointly and severally (**Default Judgment**).[4]

Joslin appealed, raising multiple points of error.  In Ledcor I, this court affirmed in part and vacated in part the Circuit Court's January 4, 2012 order denying Joslin's motion to set aside the default judgment entered against her (**Order Denying Set Aside**).  This court held that:  (1) the Circuit Court did not err in its finding and conclusion that Joslin was properly

---

[2]     A second prior appeal from an Amended Judgment entered on remand on March 29, 2016, was dismissed for lack of appellate jurisdiction due to deficiencies in the form of the judgment.

[3]     As noted in Ledcor I, it appears that CMI may be insolvent as it no longer holds a contractor's license.  Ledcor I, No. CAAP-12-0000041, 2014 WL 5905077 at *1 n.3 (App. Nov. 13, 2014).  CMI did not seek relief from the default judgment either in Ledcor I or during the subsequent litigation leading to this appeal or on appeal.

[4]     The $218,699.26 in the July 25, 2011 Default Judgment consisted of the following:  $157,437.05 (principal amount for payments made to subcontractors), $45,377.64 (prejudgment interest), $559.97 (court costs), and $15,324.60 (attorneys' fees).  Ledcor I, No. CAAP-12-0000041, 2014 WL 5905077 at *2 (App. Nov. 13, 2014).

served; (2) the Circuit Court's Default Judgment properly adjudicated the parties' rights based upon Ledcor's prayer for relief, which arose from the facts stated in the Complaint; (3) the Circuit Court did not err in rejecting Joslin's argument that the Default Judgment against her was void because the Circuit Court Clerk lacked authority to enter the principal amount of the damages; (4) the Circuit Court Clerk lacked the authority to award pre-judgment interest and to determine that Joslin and CMI can and/or should be held jointly and severally liable in light of the mixed prayer for relief (seeking tort damages against Joslin and contract damages against CMI); and (5) the Circuit Court did not abuse its discretion in entering the Order Denying Set Aside, with respect to the principal amount of the damages awarded to Ledcor.

On remand from Ledcor I, the Circuit Court ultimately entered, *inter alia*, the Second Amended Judgment, which: (1) again entered judgment in favor of Ledcor and against Joslin in the principal amount of $157,437.05 for damages arising out of Ledcor's tort claims, plus awarded Ledcor pre-judgment interest; and (2) entered judgment in favor of Ledcor and against CMI in the principal amount of $157,437.05 for damages arising out of Ledcor's tort claims, plus pre-judgment interest. Ledcor did not renew its request for attorneys' fees. The Second Amended Judgment is silent on the issue of joint and several liability.

Joslin raises two points of error on appeal, contending that: (1) the Circuit Court's denial of an evidentiary hearing

3

on the proper apportionment of damages violated Joslin's due process rights; and (2) the Circuit Court's awards of pre-judgment interest against her were based on procedural error and were an abuse of discretion.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Joslin's contentions as follows:

(1) To the extent that Joslin seeks to challenge the principal amount of the judgment entered against her, $157,437.05 for damages arising out of Ledcor's tort claims against her, her arguments are without merit. In Ledcor I, this court affirmed the principal tort damages award against Joslin, notwithstanding her various arguments, including that the Default Judgment was entirely void. Indeed, in Ledcor I, this court did not disturb the damages award against CMI, which arose out of Ledcor's breach of contract claims against CMI, as CMI did not at any time challenge the entry of judgment against it on Ledcor's breach of contract claims.[5]

In Ledcor I, however, this court vacated the Default Judgment to the extent that it ***jointly and severally*** assessed the tort damages against Joslin and the breach of contract damages againt CMI, stating:

---

[5] This observation should not be construed as an opinion as to the merits of any such challenge.

4

> [W]ith respect to the issue of joint and several liability, the complaint herein prayed for damages against Joslin personally for misrepresentations made to Ledcor and damages against CMI resulting from CMI's alleged breaches of contract. Neither the record on appeal nor Ledcor's brief to this court present any legal authority regarding the determination of whether or not, under Hawaiʻi law, Joslin and CMI can and/or should be held jointly and severally liable in light of the mixed prayer for relief in this case. Such a determination must be made by judicial decree, rather than a ministerial act. On this record, we conclude that the Default Judgment is void to the extent that it assesses joint and several liability.

In addition to re-entering the tort judgment against Joslin, the Second Amended Judgment enters judgment in favor of Ledcor and against CMI for tort claims, rather than breach of contract claims. Joslin submits that the Circuit Court erred in this regard. Although Joslin is not the judgment debtor with respect to the tort judgment against CMI, if both Joslin and CMI were both liable for damages based on the same tort claims, arguably, as Joslin contends, she might be entitled to apportionment of the award damages. However, upon review of the record of proceedings on remand, we cannot find any discernible support, explanation, or factual or legal basis for the Circuit Court's entry of a judgment against CMI sounding in tort, rather than in contract, as would be consistent with the claims set forth in the Complaint and the undisturbed parts of the Default Judgment. The Circuit Court thusly sidestepped the issue of whether Joslin and CMI could be held jointly and severally liable in light of the mixed prayer for relief in this case, and erred in doing so.

Joslin argues in her opening brief that "joint and several liability is exclusively a tort concept that has no application to a breach of contract claim." However, Joslin

cites no authority for the proposition that the tort judgment against her, as previously affirmed by this court, is subject to "apportionment" against a judgment for breach of contract damages entered against CMI, as was previously entered against CMI. It appears that Joslin seeks to require Ledcor to prove at an evidentiary hearing the principal amount of its tort damages against her, although such damages were properly entered against her, and affirmed in Ledcor I. Joslin's arguments to this effect are without merit, and the Circuit Court did not violate Joslin's due process rights by declining to allow her to re-litigate the principal amount of the tort judgment previously entered against her and affirmed.

Joslin argues that by entering a tort judgment against both her and CMI, the Circuit Court in effect entered judgment against them jointly and severally. However, as the Circuit Court erroneously characterized the judgment against CMI as sounding in tort, under the circumstances of this case, we conclude that the proper remedy is to vacate the Second Amended Judgment to the extent it awarded *tort* damages against CMI, and remand this case to the Circuit Court to correct that error in the entry of the Second Amended Judgment.

(2) In the Second Amended Judgment, the Circuit Court awarded pre-judgment interest for three separate periods in this case: (1) $45,377.64 for interest up to July 11, 2011 (the date of the Default Judgment); (2) $56,944.40 from July 11, 2011,

through March 11, 2015; and (3) $12,942.00 from March 11, 2015, through January 11, 2016.

Joslin first contends that the imposition of pre-judgment interest before a proper apportionment of damages violated her right to due process. As we have concluded that Joslin's arguments regarding apportionment are without merit, we also conclude that this basis for setting aside the award of pre-judgment interest is without merit.

Joslin further argues that the request for $56,944.40 in additional pre-judgment interest was first made in a reply memorandum, thereby violating the Rules of the Circuit Courts of the State of Hawaiʻi (**RCCH**) Rule 7(b) and depriving her of an opportunity to respond to the request for an additional award against her. This argument has merit. A non-moving party should be given the opportunity to respond to arguments for additional relief that are made in a reply memorandum, as additional evidence and arguments in a reply memorandum, *inter alia*, violate the RCCH. See, e.g., Hiwalani P S Holdings, LLC v. Wells Fargo Bank, N.A., as Tr. for Option One Mortg. Loan Tr., No. CAAP-13-0001760, 2017 WL 750582, at *5 (App. Feb. 27, 2017); see also Assoc. Fin. Servs. Co. of Haw., Inc. v. Richardson, 99 Hawaiʻi 446, 458, 56 P.3d 748, 760 (App. 2002).

Joslin similarly argues that the request for the additional amount of $12,942.00 was made in a declaration, followed by an explanatory letter to the Circuit Court, and was

not properly before the court on a motion for relief. We conclude that this argument has merit, as well.

Finally, Joslin argues that the Circuit Court abused its discretion in awarding pre-judgment interest in this case. The award of pre-judgment interest is governed by Hawaii Revised Statutes (**HRS**) § 636-16 (2016),[6] which vests a court, in civil cases, with discretion to award pre-judgment interest. Cnty. of Haw. v. C & J Coupe Fam. Ltd. P'ship, 124 Hawaiʻi 281, 311-12, 242 P.3d 1136, 1166-67 (2010). "[T]he purpose of prejudgment interest, in the context of HRS § 636-16, is to correct injustice when a judgment is delayed for a long period of time for any reason, including litigation delays." Id. at 312, 242 P.3d at 1167 (internal citation and quotation marks omitted). In Tri-S Corp. v. W. World Ins. Co., 110 Hawaiʻi 473, 498, 135 P.3d 82, 107 (2006), the supreme court stated that a finding of fault is not necessary, and a review of an award of pre-judgment interest should consider the following factors:

> (1) if fault is found on the part of the party seeking interest, denial of interest will not be considered an abuse of discretion; (2) if fault is found on the part of the party opposing interest, an award of interest will not be considered an abuse of discretion; and (3) where no fault is found on either side, the trial court may still award or deny prejudgment interest in its discretion, depending on the circumstances of the case.

---

[6]    HRS § 636-16 states:

**§ 636-16  Awarding Interest.**  In awarding interest in civil cases, the judge is authorized to designate the commencement date to conform with the circumstances of each case, provided that the earliest commencement date in cases arising in tort, may be the date when the injury first occurred and in cases arising by breach of contract, it may be the date when the breach first occurred.

Ledcor argued that pre-judgment interest starting from the date the Default Judgment was entered in 2011 was necessary due to the amount of time that had elapsed since the misrepresentations. At an April 21, 2015 hearing, counsel for Ledcor additionally stated:

> MR. LEONG: . . . We'll leave it at that. That's been thoroughly briefed by both sides, and we'll leave it to the Court's discretion as far as how much prejudgment interest to award, if any. I think the case law is clear that the Court has discretion to award it. You know, regardless of whether or not any delay was caused by Defendant Joslin or not, the court cases say that the Court has discretion to award prejudgment interest as long as there has been some delay.
>
> And the bottom line, your Honor, is it's been seven years. Ledcor paid out these amounts a long time ago. We've gone through the appeal. We're back here, and again, we'll leave it to the Court's discretion, but we do believe that an award of prejudgment interest, which the appellate courts say is an element of the damages, should be awarded.

In light of the circumstances of this case, although the Circuit Court did not ascribe fault to any party, it nevertheless had the discretion to award prejudgment interest. See HRS § 636-16; C & J Coupe, 124 Hawaiʻi at 311-12, 242 P.3d at 1166-67. Ledcor articulated that the delay prejudiced it because it had long ago paid moneys out as a result of Joslin's misrepresentations. We cannot conclude that the Circuit Court clearly exceeded the bounds of reason or disregarded the rules or principles of law or practice to the substantial detriment of Joslin, and thus, the Circuit Court did not abuse its discretion to the extent it awarded pre-judgment interest totaling $45,377.64. However, for the reasons set forth above, the

additional awards of pre-judgment interest, in the amounts of $56,944.40 and $12,942.00, are vacated.

For these reasons, the Second Amended Judgment is affirmed in part and vacated in part, as set forth above. This case is remanded to the Circuit Court for the entry of a further amended judgment consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, September 29, 2022.

On the briefs:

Peter N. Martin,
for Defendant-Appellant.

Roy T. Ogawa and
Kurt K. Leong
(Ogawa, Lau, Nakamura & Jew),
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge